UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-20213

SUSAN ORGBON, CHARLES ORGBON,
and ALVETA JORDAN ARMSTRONG,
    Plaintiffs,

v.

CARNIVAL CORPORATION
A Panamanian Corporation d/b/a
CARNIVAL CRUISE LINE,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES
AND DEMAND FOR TRIAL BY JURY**

    Plaintiffs, SUSAN ORGBON, CHARLES ORGBON, and ALVETA JORDAN ARMSTRONG ("Plaintiffs"), through undersigned counsel, sues Defendant, CARNIVAL CORPORATION ("Defendant"), and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

    1.    Plaintiffs seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

    2.    This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

    3.    This Court also has diversity jurisdiction over the parties under 28 U.S.C.§ 1332.

    4.    Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant.

    5.    Plaintiff, SUSAN ORGBON, is *sui juris* and is a resident and citizen of Georgia.

    6.    Plaintiff, CHARLES ORGBON, is *sui juris* and is a resident and citizen of Georgia.

7. Plaintiff, ALVETA JORDAN ARMSTRONG, is *sui juris* and is a resident and citizen of North Carolina.

8. Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

9. Defendant is a citizen of the State of Florida.

10. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county;

    b. Had an office or agency in this state and/or county;

    c. Engaged in substantial activity within this state;

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

11. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS

12. On or about October 28, 2018 Plaintiffs were lawfully fare paying passengers aboard Defendant's cruise ship vessel, the Carnival *Sunshine.*

13. On or about October 28, 2018, as Plaintiff, SUSAN ORGBON, was sitting in a chair in the Sunrise restaurant, when the Carnival *Sunshine* began to tilt. As the ship tilted, chaos erupted and everything in the room started flying. Plaintiff, SUSAN ORGBON's, chair began to shift and she

was ejected from the chair. As a result of the fall, Plaintiff, SUSAN ORGBON, suffered traumatic injuries that included, but are not limited to acute trauma of her lumbar spine.

14. On or about October 28, 2018, as Plaintiff, CHARLES ORGBON, stood alongside his wife in the Sunrise restaurant, the Carnival *Sunshine* began to tilt. As the ship tilted, Plaintiff, CHARLES ORGBON, attempted to catch his wife as she was thrown from her chair. As a result of the incident, Plaintiff, CHARLES ORGBON, suffered traumatic injuries that included, but are not limited to internal derangement of his right wrist.

15. On or about October 28, 2018, as Plaintiff, ALVETA JORDAN ARMSTRONG, was dining at the Sunrise Restaurant, the Carnival *Sunshine* began to tilt causing her to fall. As a result of the fall, Plaintiff, ALVETA JORDAN ARMSTRONG, suffered traumatic injuries that included, but are not limited to, an injury to her left knee.

16. Defendant, CARNIVAL, owned, operated, managed, maintained, and/or controlled the Carnival *Sunshine*, including the Captain, officers, crew, equipment, and facilities on board.

17. The crew of the Carnival *Sunshine*, including its Captain, and officers, were in regular, full-time employment of Carnival and/or the ship, as salaried crew members, subject to the ship's discipline and the master's orders. They were also subject to the control of Carnival's shore-side operations located in Miami, Florida.

18. Defendant, CARNIVAL, had the right to hire and fire its crew.

19. Defendant, CARNIVAL, is directly responsible and liable for its actions and the actions of its crew, including the Captain.

20. The Captain, officers, and crew were employees and/or actual agents and/or apparent agents of Defendant, CARNIVAL, and acted within the course and scope of their employment and/or agency agreement and/or relationship.

21. The Captain, officers, and crew were represented to Plaintiff and the ship's passengers as employees of Defendant through signs, documents, and uniforms. The Captain, officers, and crew were also paid by Defendant. Defendant, CARNIVAL, knew that the Captain, officers, and crew represented themselves to be employees of Defendant and allowed them to represent themselves as such.  Plaintiff detrimentally relied on these representations and proceeded on a cruise in which she was severely injured.

## COUNT I
## NEGLIGENCE

22. Plaintiffs hereby adopt and re-allege each and every allegation in paragraphs 1 through 21 as is set forth herein.

23. The Defendant at all relevant times, owed the Plaintiffs a non-delegable duty to exercise the reasonable care required of an ocean common carrier for the safety of a fare-paying passenger.

24. Alternatively, Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

25. Such duties include, but are not limited to, the duty to provide its passengers reasonable care to inspect for and resolve dangerous, risk-creating, and hazardous conditions that passengers, including the Plaintiff, will likely encounter.

26. Such duties also include, but are not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers.

27. Such duties also include, but are not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

28. At all times material, the Defendant, through its vessel, crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiffs

and were negligent in one or more of the following ways:

   a. Failing to supervise its crew;

   b. Failing to properly train its crew;

   c. Failing to provide adequate crew;

   d. Failing to safely operate the vessel;

   e. Operating the vessel in an improper and unsafe manner;

   f. Failing to maintain the vessel in a reasonably safe fashion;

   g. Failing to employ an adequately trained Captain and/or Master;

   h. Negligent hiring, selection and retention of the ship's crew, including but not limited to the Captain, other officers, and any employees responsible for the use and/or maintenance of the stabilizer fins;

   i. Failing to develop and institute adequate procedures and policies to address these hazards;

   j. Failing to keep and maintain the fin stabilizers in a reasonably safe condition, so as to help prevent hazards to its passengers;

   k. Failing to install proper and reasonable safeguards to prevent passengers from being injured when the fin stabilizers malfunction;

   l. Failing to take proper precautions for the safety of passengers aboard the subject ship when the electrical switchboard malfunction impacted the use of the fin stabilizers;

   m. Failing to warn Plaintiff of the risk-creating conditions caused by the electrical switchboard malfunction;

   n. Failing to have adequate policies and procedures in place for inspection, cleaning and maintenance of its electrical switchboard and/or fin stabilizers;

o. Creating a risk-creating condition and/or failing to remedy a risk-creating condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant;

p. Failing to adequately train its crew to keep its fin stabilizers and the mechanical/electronic systems which deploy them clean and free of hazards;

q. Failing to employ sufficient crewmembers or adequately trained crewmembers to properly inspect, clean, and maintain the mechanical/electrical switchboard, and Defendant knew or should have known that this ship was inadequately staffed;

r. Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence.

s. Failing to otherwise maintain the electrical switchboard in a safe and reasonable manner; and/or

t. Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

29. Defendant's negligence proximately caused Plaintiffs great bodily harm in that, but for the Defendant's negligence, Plaintiffs injuries would not have occurred.

30. Defendant either (a) had actual knowledge of the risk-creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk-creating conditions had the Defendant implemented proper methods of inspection; and/or (d) created the risk-creating conditions.

31. As a result of the Defendant's negligence, Plaintiffs have suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. In addition, Plaintiffs lost

the benefit of their vacation, cruise, and transportation costs.

32. The losses are either permanent or continuing in nature.

33. Plaintiffs have suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiffs, SUSAN ORGBON, CHARLES ORGBON, and ALVETA JORDAN ARMSTRONG, demand judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiffs will suffer and incur in the future, as a result of Plaintiffs bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of earnings, loss of future earning capacity, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT 2
## NEGLIGENCE AGAINST CARNIVAL FOR
## THE ACTS OF ITS PERSONNEL BASED ON
## <u>VICARIOUS LIABILITY UNDER RESPONDEAT SUPERIOR</u>

Plaintiffs hereby adopts and re-alleges each and every allegation in paragraphs 1 through 21 as is set forth herein.

34. The Defendant at all relevant times, owed the plaintiff a non-delegable duty to exercise the reasonable care required of an ocean common carrier for the safety of a fare-paying passenger.

35. Alternatively, Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

36. To the extent Defendant, CARNIVAL, contests its responsibility for the conduct of the individuals operating the vessel and/or providing services to passengers on the vessel, Plaintiffs allege that the individuals operating the vessel and/or providing services on the vessel

were agents of Defendant, CARNIVAL, for the following reasons:

37. On or about October 28, 2018, the Carnival *Sunshine* Captain and crew made decisions about whether to deploy the fin stabilizers.

38. They were the employees of Defendant, CARNIVAL, or were Defendant, CARNIVAL's, agents, apparent agents, and/or servants.

39. They were subject to the right of control by Defendant, CARNIVAL.

40. They were acting within the scope of their employment or agency.

41. Defendant, CARNIVAL, acknowledged that the crew, officers, and Captain would act on Defendant's behalf, and they accepted the undertaking.

42. Defendant, CARNIVAL, is vicariously liable for the acts of the Captain, officers, and crew, as set forth in the Factual Allegations, and Count I above. Those acts proximately caused Plaintiffs injuries and damages.

43. As a result of the Defendant's negligence, Plaintiffs have suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. In addition, Plaintiffs lost the benefit of their vacation, cruise, and transportation costs.

44. The losses are either permanent or continuing in nature.

45. Plaintiffs have suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE,** Plaintiffs, SUSAN ORGBON, CHARLES ORGBON, and ALVETA JORDAN ARMSTRONG, demand Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiffs will suffer and incur in the future, as a result of Plaintiffs bodily injury, pain and suffering, disability,

disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of earnings, loss of future earning capacity, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

### COUNT 3
### NEGLIGENCE AGAINST CARNIVAL FOR THE ACTS OF ITS PERSONNEL BASED ON <u>VICARIOUS LIABILITY UNDER APPARENT AGENCY</u>

Plaintiffs hereby adopt and re-allege each and every allegation in paragraphs 1 through 21 as is set forth herein.

46. The Defendant at all relevant times, owed the Plaintiffs a non-delegable duty to exercise the reasonable care required of an ocean common carrier for the safety of a fare-paying passenger.

47. Alternatively, Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

48. To the extent Defendant, CARNIVAL, contests its responsibility for the conduct of the individuals operating the vessel and/or providing services to passengers on the vessel, Plaintiff alleges that the individuals operating the vessel and/or providing services on the vessel were the apparent agents of Defendant, CARNIVAL, for the following reasons:

49. On or about October 28, 2018, the Carnival *Sunshine* Captain and crew made decisions about whether to deploy the fin stabilizers.

50. They were represented to Plaintiff as the employees, agents, apparent agents, or servants of Defendant, CARNIVAL.

51. They were subject to the right of control by Defendant, CARNIVAL.

52. They wore Carnival insignia and disseminated documents with the Carnival insignia.

They commanded and controlled the Carnival *Sunshine* and spoke and acted as though they were authorized to do so by Defendant, CARNIVAL. Defendant, CARNIVAL, never took any actions to indicate that they were not Carnival's agents.

53. They were acting within the scope of their employment or agency.

54. Defendant, CARNIVAL, acknowledged that the Captain, officers, and crew would act on Carnival's behalf, and thereby affirmed the Captain's, officer's, and crew's agency representations.

55. Defendant, CARNIVAL, is vicariously liable for the acts of the Captain, officers, and crew, as set forth in the Factual Allegations, and Count I above. Those acts proximately caused Plaintiffs injuries and damages.

56. As a result of the Defendant's negligence, Plaintiffs have suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. In addition, Plaintiffs lost the benefit of their vacation, cruise, and transportation costs.

57. The losses are either permanent or continuing in nature.

58. Plaintiffs have suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiffs, SUSAN ORGBON, CHARLES ORGBON, and ALVETA JORDAN ARMSTRONG, demand Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiffs will suffer and incur in the future, as a result of Plaintiffs bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of earnings, loss of future earning capacity, loss of important bodily functions,

and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs, SUSAN ORGBON, CHARLES ORGBON, and ALVETA JORDAN ARMSTRONG, demand trial by jury on all issues so triable.

**Dated:** January 15, 2019.

Respectfully submitted,

*/s/ Raul G. Delgado II*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Raul G. Delgado II, Esq.**
Florida Bar No.: 94004
rdelgado@aronfeld.com
**Abby Hernández Ivey, Esq.**
Florida Bar No.: 115973
aivey@aronfeld.com
**Matthias Hayashi**
Florida Bar No.:115973
mhayashi@aronfeld.com
ARONFELD TRIAL LAWYERS
3132 Ponce de Leon Boulevard
Coral Gables, Florida 33134
P:   (305) 441.0440
F:   (305) 441.0198
*Attorneys for Plaintiff*